## ANDREW M. HOPKINS v. WILLIAM CLARK.

Where a deposition read as follows: "The same answer made by my daughter, H. H. Rogers, to the interrogatories propounded to her and myself in said cause, and sworn to by her on the eighth day of January, 1856, I hereby adopt as my answers, and I corroborate her statements in all the facts therein stated, which are material in said cause to said parties;" which was objected to at the trial "upon the ground of informality" and excluded; this Court said, If it should be held that the Court ought to have disregarded this objection, it not being in writing and notice given thereof, as is contended for upon the authority of the case of Scott v. Delk, (14 Tex. R. 34,) still the exception taken would not avail the appellant; because the answer, if admitted, would have been cumulative; and, from the qualification inserted in it, restricting her corroboration to the facts "which are material," (which is swearing to facts with an undefined reservation,) it could not have given any additional strength to the defence, and certainly would not have changed the verdict.

Where the defendant, after the plaintiff had rested his case, gave in evidence the deposition of a female witness, and then proposed to call the same witness in person to disprove statements made by the plaintiff's witnesses, which, it was alleged, defendant had no reason to anticipate; and the plaintiff objected, unless the deposition of said witness were withdrawn, and the witness placed upon the stand to be examined de novo; which objection was sustained, and defendant declining to withdraw the deposition, the witness was excluded; it was held, that it was equivalent to an offer to recall a witness, which is within the sound discretion of the Court; and that there was no cause to believe that such discretion had been abused in this case, but the contrary.

Appeal from Travis. Tried below before the Hon. Thomas H. DuVal.

Suit by appellee against appellant for damages for breach of contract to convey 640 acres of land. In 1853 defendant, residing at Austin, Texas, wrote a letter to his mother and sister, Mrs. Hopkins and Mrs. Rogers, in Tennessee, in which he told them that if they could get any one to bring them to him he would pay such person 640 acres of land, or 320 acres and the expenses of the trip. Upon the faith of this letter, plaintiff, being about to remove to Texas, undertook to remove Mrs. Hopkins, Mrs. Rogers, and the family of the latter, six in all, to Austin, Texas.

Hopkins v. Clark.

A. J. Clark, a son of the plaintiff, testified that his father furnished a two-horse wagon, team, and driver, for the removal of Mrs. Hopkins and Mrs. Rogers and her family; that Mrs. Hopkins and Mrs. Rogers put into the wagon some 100 pounds of bacon and 100 or 150 pounds of flour, and that aside from that plaintiff furnished all the provisions; that they eat at the same table with the plaintiff's family and were brought through in the same manner and treated as well as the plaintiff's family, and had the boy to make fires, bring water, drive, &c.; that plaintiff brought them to Austin; and when plaintiff demanded the 640 acres of land, which he did immediately thereafter, defendant (in substance) refused, or only offered upon conditions which plaintiff was not bound to accept, and did not accept.

Ferguson, a witness for plaintiff, had come along in same company, and corroborated the statements of the first witness as to the circumstances of the removal; and had heard no complaints on the way.

Fulk, a witness for plaintiff, corroborated the testimony of the first witness as to the circumstances of defendant's refusal to convey the land.

The plaintiff gave in evidence the deposition of John Norman, of Tennessee, to prove the circumstances under which the plaintiff undertook the removal of the parties, and the circumstances of the said Mrs. Hopkins and Mrs. Rogers, who, he testified, were in such indigent circumstances that they could not have furnished provisions for the journey.

It was agreed that the value of land of average quality within from 50 to 100 miles of Austin, in 1853, was 50 cents per acre. Here plaintiff rested his case.

John Peri, a son of Mrs. Rogers, 16 or 17 years of age, witness for the defendant, testified that he drove the wagon part or most of the way; that his mother put in some meat and flour at the start, he thinks enough for the journey; that Clark was not to much expense out; and was no protector, &c.

Mrs. Rogers' deposition; that she contracted with plaintiff for the removal under the letter from the defendant; that plaintiff agreed with her to take land within from 50 to 100 miles of Austin; that he contracted to furnish a good two-horse wagon, large enough for witness's family and such articles as she was compelled to take with her; to put two good able horses in the wagon, or three, if needed to enable them to remove with proper dispatch; he was also to furnish a driver and a boy to build her

5

fires and wait upon her family; and to furnish provisions for herself and family. Witness provided herself with provisions, save sugar, which plaintiff furnished; furnished her own bedding, driver and cooking utensils; Clark's boy drove sometimes. The wagon furnished was very indifferent, old and unsuitable for the purpose, and the horses equally so, in consequence of which they were delayed upon the route longer than necessary. Plaintiff paid out for witness and family not more than $25 or $30, in all; was no protector, but treated her uncivilly upon the whole trip. Plaintiff failed to fulfil his contract with witness in every other manner but paying tolls and ferriage.

Verdict and judgment for the plaintiff for $320; motion for new trial overruled, &c.

There was a bill of exceptions to two rulings of the Court on the admissibility of evidence, the facts respecting which are stated in the Opinion. It should perhaps be here stated that our statute permits the deposition of a female to be taken and read in evidence in a civil case, although she resides in the county and is there at the time of the trial.

*R. T. Brownrigg*, for appellant, to first point relied on, cited 10 Tex. R. 525; 14 Id. 341; and, in support of the second point, argued that the question was the same as if Mrs. Rogers had been upon the stand and only partially examined; and that to require her deposition to be withdrawn, that she might be examined *de novo*, would be to require a useless consumption of time, and be an irregularity which no one ought to desire to see engrafted on our practice.

Although the testimony of the witness Rebecca Hopkins was cumulative, yet as the case was one almost entirely of testimony, and very conflicting, this Court cannot ascertain the effect that the ruling of the Court below had in determining the case. (Chandler v. Fulton, 10 Tex. R. 2.)

*Turner & Sneed*, for appellee, argued that the deposition of Mrs. Hopkins was inadmissible; but if admissible, it could not have changed the verdict; and therefore this Court will not reverse, although the ruling may have been erroneous. (Watts v. Johnson, 4 Tex. R. 311.)

Upon the second point relied on, counsel for appellee argued that no objection was made by the plaintiff to the introduction

of Mrs. Rogers; but that it was insisted by plaintiff's counsel, and so ruled by the Court, that if placed upon the stand, her deposition was not to be considered by the jury as evidence; on the ground that when a female, whose deposition has been taken, voluntarily comes into Court in person as a witness in the cause, her deposition is displanted in the same manner as is that of a male witness by his presence in the county, where he is not unable, by reason of age, sickness, or official duty, to attend the Court.

ROBERTS, J. Of the numerous errors assigned in this case, but two are relied on by appellant.

1st. "The Court refused to allow the deposition of Rebecca Hopkins to be read in evidence."

Interrogatories were propounded by appellant to Mrs. Rogers and Mrs. Hopkins. Mrs. Rogers having fully answered the several questions separately, Mrs. Hopkins made one answer in response to all of them as follows: "The same answer made by my daughter, H. H. Rogers, to the interrogatories propounded to her and myself in said cause, and sworn to by her on the eighth day of January, 1856, I hereby adopt as my answers, and I corroborate her statements in all the facts therein stated, which are material in said cause to said parties." This sweeping answer was objected to by appellee "upon the ground of informality" and excluded by the Court.

If it should be held that the Court ought to have disregarded this objection, it not being in writing and notice given thereof, as is contended for upon the authority of the case of Scott v. Delk, (14 Tex. R. 341,) still the exception taken would not avail the appellant. Because the answer, if admitted, would have been cumulative, and from the qualification inserted in it, restricting her corroboration to the facts "which are material," which is swearing to facts with an undefined reservation, it could not have given any additional strength to the defence, and certainly would not have changed the verdict. This conclusion supersedes the necessity of a critical examination of the other questions that might have been considered under this assignment. (Able v. Sparks, 6 Tex. R. 349; Duffel v. Noble, 14 Tex. R. 640; Payne v. Benham, 16 Tex. R. 364.)

2d. "The Court refused to allow Harriet Rogers to be introduced as a rebutting witness, unless her deposition, already read

in evidence, was withdrawn and she introduced as a witness *de novo*."

From the order of proceeding on the trial, as exhibited by the statement of facts, the plaintiff below examined all his witnesses and read the depositions taken by him, and "here plaintiff rested his case." Then defendant below introduced his witness John Peri, and also read the depositions of Mrs. Rogers. After this, as it appears by the bill of exceptions, the defendant below offered to introduce Mrs. Rogers as a witness "in order to prove by her certain facts as rebutting testimony, in opposition to testimony which he had no reason to anticipate, and especially to contradict the statements of —— Ferguson and partially those of Clark, both plaintiff's witnesses."

To which plaintiff objected upon the ground "that her deposition had already been read in evidence, and consequently she was not competent as a witness unless the depositions were withdrawn wholly and she introduced as a witness *de novo*."

The defendant not acceding to the alternative proposition contained in this objection, the Court excluded the witness from being examined.

The witnesses whose testimony was sought to be rebutted by an examination of Mrs. Rogers had been examined by plaintiff before her depositions were read. Her depositions stand in the place of an examination, the same as if she had been personally in Court. The effort to introduce her on the stand as a witness afterwards places the defendant in the legal attitude of recalling his witness for the purposes alleged in the exceptions. Was it error then in the Court to refuse permission to the defendant to recall his witness, to elicit facts not embraced in her previous examination?

This has always been held to be an appeal to the sound discretion of the Court. (See Philips on Evidence, vol. 2, p. 408, 9; The People v. Mather, 4 Wend. 249; Law v. Merrells, 6 Id. 268.)

The practice has usually been, upon making this appeal to the Court, for the party to disclose the fact sought to be proved, and some reason or excuse why it was omitted in its proper place, to enable the Court to determine whether a relaxation of the general rule will be promotive of the ends of justice. This was not done in this case. There was a fairness too in the mode of making the objection, which precludes the conclusion that the discretion of the Court was abused in the rejection of the witness. Judgment affirmed.

                                        Judgment affirmed.